**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT WESLEY THOMAS,** #1764806 | § | |
| **#1885146,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:14-CV-0625-L-BK** |
| | § | |
| **WILLIAM STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge.  For the reasons that follow, it is recommended that the petition be denied.

## I. BACKGROUND

Petitioner pled guilty to fraudulent use of identifying information -- over fifty items and tampering with government records, and was sentenced to thirty and eight years' imprisonment, respectively.  *State v. Thomas*, No. F45567 (249th Judicial District Court, Johnson County, 2012), *aff'd*, No. 10-12-00037-CR, 2012 WL 6084170 (Tex. App.—Waco 2012, pet. dism'd). The Texas Court of Criminal Appeals denied state habeas relief without a written order.  *Ex Parte Thomas*, No. 80,041-01 (Tex. Crim. App. 2013).  [Doc. 19-1 at 2].

In his timely, *pro se* federal petition, Petitioner challenges the sufficiency of the evidence and the denial of his motion to suppress, and claims ineffective assistance of counsel. Respondent argues the petition lacks merit, and Petitioner has filed a reply.  [Doc. 10, Doc. 16].[1]

---

[1]Petitioner voluntarily dismissed as unexhausted his second ground -- that the prosecutor withheld favorable evidence. [Doc. 1 at 6; Doc. 17].

## II. ANALYSIS

### A. Procedurally-Barred Claim

In his third ground, Petitioner appears to claim the evidence was insufficient to support his conviction.  [Doc. 1 at 20; Doc. 16 at 5].  Because Petitioner did not challenge the sufficiency of the evidence on direct appeal, his failure constitutes a procedural default that bars review of the claim on the merits.  *See Reed v. Thaler*, 428 Fed. App'x. 453, 454 (5th Cir. 2011) (unpublished *per curiam*) (when a petitioner raises a sufficiency claim only in his state habeas application, "the Texas Court of Criminal Appeals' denial of his application [is] based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted."); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (sufficiency claim is not cognizable in state habeas application).  While Petitioner may overcome a procedural default by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims, he does not offer anything to meet that heavy burden.  *Coleman*, 501 U.S. at 750.  He concedes as much in his reply.  [Doc. 16 at 5-6].  Accordingly, his sufficiency claim is procedurally barred from federal habeas review.

### B. Fourth Amendment Claim

In his first ground, Petitioner asserts the trial court erred in denying his motion to suppress.  [Doc. 1 at 6].  Fourth Amendment claims, however, are barred from federal habeas review under *Stone v. Powell*, 428 U.S. 465, 494 (1976), if the petitioner had a full and fair opportunity to litigate his claims.  *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (quoted case omitted) (interpreting "'opportunity for full and fair litigation' to mean just that: 'an opportunity'").  Here, Petitioner had the opportunity to challenge the validity of the traffic stop.

His trial counsel pursued a motion to suppress on Fourth Amendment grounds, which the trial court denied following a hearing at which the arresting officer testified.  The state court of appeals then affirmed the denial of the suppression motion, concluding the officer had reasonable suspicion to stop Petitioner and detain him for investigative purposes.  *Thomas*, 2012 WL 6084170 at *3.  Because Petitioner was not foreclosed from litigating his Fourth Amendment claim in state court, this Court may not review it now.

### C. Remaining Claims lack Merit

Petitioner is not entitled to habeas corpus relief on his remaining claims unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  However, that burden is "difficult to meet," as the decision of the state court is reviewed under a "highly deferential standard" and afforded the "benefit of the doubt."  *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).  The deferential standard of review applies even where the state court, as in this case, summarily denied the state application without written order.  *See Richter*, 131 S. Ct. at 785 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'")

*Ineffective Assistance of Counsel at Trial*

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *see also Premo v. Moore*, 562 U.S. 115, 131 S. Ct. 733, 741 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases). To establish prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Consequently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Although Petitioner asserts defense counsel "recommended that . . . [he] accept the plea and appeal the motion to suppress ruling," he claims she failed to advise him of his right to appeal other pre-trial motions under TEX. R. APP. P. 25.2(a)(2). [Doc. 1 at 20]. His assertion, however, is belied by the record. In fact, the plea papers, the trial court's certifications of defendant's right to appeal, and the judgments all reflect that Petitioner's plea agreement preserved his right to appeal all pretrial motions, including but not limited to the motion to suppress. [Doc. 19-1 at 65-79; Doc. 11-8 at 63-65, 67, 80]. The plea hearing transcript, attached

to Petitioner's federal petition, confirms the same [Doc. 1-1 at 120-121], as does defense counsel's affidavit, which the state habeas court implicitly found credible.  [Doc. 19-1 at 59]. Petitioner's bare assertions to the contrary are clearly insufficient to sustain his claim.

Petitioner also contends defense counsel "neglected to effectively counsel [him] and to protect [his] right already granted by this rule of appellate procedure that [he] did not have to accept the extra 5 years to gain the right to appeal." [Doc. 1 at 20].  In essence, he claims that Rule 25.2(a)(2)[2] conferred to him the right to appeal the denial of the motion to suppress without having to agree to a higher sentence, and that it is "[n]onsense to believe anyone would take 5 extra years to gain the right to appeal." *Id.*  In support, Petitioner references a December 22, 2011 letter from defense counsel, advising him of the state's final plea offer – 30 years' imprisonment with right to appeal suppression issue, or 25 years' imprisonment with waiver of right to appeal.  [Doc. 16 at 6; Doc. 1 at 38].  He reiterates that defense counsel erred in advising him that "in order to gain that ability/right to appeal the motion to suppress ruling that [he] had to accept more time in the plea-bargain." [Doc. 16 at 6].

In a criminal case, however, the defendant may waive his right to appeal as long as the waiver is made voluntarily, knowingly, and intelligently.  *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) ("A waiver of the right to appeal made voluntarily, knowingly, and

---

[2] Rule 25.2(a)(2) reads:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or
(B) after getting the trial court's permission to appeal.

intelligently will prevent a defendant from appealing without the consent of the trial court");
*United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1349 (2014)
(a defendant's waiver of appellate rights will be enforced as long as the waiver was knowing and
voluntary). With increasing frequency, negotiated plea bargain agreements include an express
waiver of the right to appeal by the defendant. Thus, in Petitioner's case, it is not surprising that
the state's plea offer, which preserved the right to appeal the written pretrial motions, including
the motion to suppress, provided for a higher sentence (30 years instead of 25 years) than the
plea offer with the appeal right waiver. [Doc. 1 at 38].

Petitioner has failed to show that counsel's representation during the guilty plea
proceedings was deficient or that it prejudiced him. With respect to the prejudice prong,
Petitioner has wholly failed to allege, much less show, that but for counsel's alleged deficiencies,
he would not have pleaded guilty and would have insisted on proceeding to trial despite the
potential life sentence. *Hill*, 474 U.S. at 59.

Petitioner's remaining claims fare no better. Petitioner has provided nothing more than
conclusory allegations that his trial counsel was ineffective in failing to make an adequate
investigation of "the origins of the items of ID info [he] was charged with." [Doc. 1 at 20]. "A
defendant who alleges a failure to investigate on the part of his counsel must allege with
specificity what the investigation would have revealed and how it would have altered the
outcome of the trial." *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (citation and
quotations omitted). Bare allegations, like the ones in this case, are insufficient. *Id.*

Petitioner also asserts counsel rendered ineffective assistance in failing to request an
examining trial. He claims that in an examining trial the origin of all items used in the
indictment would have been presented and it would have been established that his co-defendant

possessed 3 of the 51 items cited in the indictment.  [Doc. 1 at 20].   He infers that with a proper

investigation, counsel could have "lowered the indictment from a first degree to a second degree

sentence," reducing his sentencing exposure from thirty years to a maximum of twenty years.  *Id.*

However, Petitioner has not shown that failing to request an examining trial, before he was

indicted, prejudiced him and that he would not have pleaded guilty had counsel requested an

examining trial.  Indeed, return of an indictment terminates the right to an examining trial under

Texas law.  *See State of Texas v. Reimer*, 678 F.2d 1232, 1233 (5th Cir. 1982).  In addition, the

federal constitution does not guarantee a Texas criminal defendant the right to an examining trial

before indictment.  *Id.*

In summary, Petitioner has not demonstrated that the state court's decision rejecting his

ineffectiveness claims was unreasonable.

*Ineffective Assistance of Counsel on Appeal*

Lastly, Petitioner contends defense counsel did not converse with him following his

conviction and failed to respond to "letters or communicate with [him] before filing the

[appellate brief]."  [Doc. 1 at 21].  Petitioner contends that, consequently, he was prevented

"from raising several points for review on . . . direct appeal," namely claims of ineffective

assistance counsel.  *Id.*  He maintains that, as a result of counsel's "neglect," three items that

belonged to his co-defendant went undiscovered, and the indictment could not be reduced from a

first to a second degree felony.  *Id.*  In her affidavit (which the state habeas court implicitly found

credible), defense counsel avers that she "never heard from [Petitioner]" after his guilty plea and

sentencing, even though she had specifically advised him to contact her "with any additional

information he wanted [her] to have or review for his appeal."  [Doc. 19-1 at 59-60].

Petitioner cannot show that appellate counsel's performance was deficient in failing to raise an ineffectiveness claim on direct appeal or that he was prejudiced by the same.  *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland* standard in evaluating the ineffective assistance of appellate counsel).  First, counsel could not have raised the issue of her own ineffectiveness on direct appeal.  Second, even assuming that different appellate counsel could have pursued claims of ineffective assistance, such claims would not have been appropriate for direct appeal.  *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus.").

The state court's decision rejecting Petitioner's ineffectiveness claim was not unreasonable.  Therefore, his last ground fails.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED February 18, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE